UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LATOYA MICHELLE JAWARA, ) | |
| ) | |
| Appellant ) | |
| ) | No. 3:15-0305 |
| v. ) | Chief Judge Sharp/Bryant |
| ) | |
| SUNTRUST BANK, ) | |
| ) | |
| Appellee ) | |

**TO:  THE HONORABLE KEVIN H. SHARP
       CHIEF JUDGE**

### REPORT AND RECOMMENDATION

Appellant LaToya Jawara, who is proceeding *pro se* in this appeal from the Bankruptcy Court, has filed her motion for summary judgment (Docket Entry No. 8), to which the Appellee has responded in opposition (Docket Entry No. 10).

For the reasons stated below, the undersigned Magistrate Judge recommends that Appellant's motion for summary judgment be denied, that the opinion of the Bankruptcy Judge be affirmed summarily, and that this case be dismissed.

### ANALYSIS

Local Rule 56.01, which governs motions for summary judgment filed in this district, requires that any motion for summary judgment be accompanied by "a separate, concise statement of the material facts as to which the moving party contends there is no genuine for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a

specific citation for the record." Local Rule 56.01(b). Appellant's motion for summary judgment fails to satisfy this local rule. Specifically, Appellant has failed to file a statement of undisputed facts with citations to the place in the record where such facts can be found. For this reason, the undersigned Magistrate Judge finds that Appellant's motion for summary judgment is not properly supported according to the rules and must be denied.

In addition, Local Rule 81.01 governs bankruptcy appeals in this district. Subsection (a) of this rule provides as follows: "**Summary Affirmance**. Failure by an appellant to comply with the provisions of either Rule 8006, 8007 or 8009 of the *Bankruptcy Rules, Title 11 of the United States Code Annotated*, will result in summary affirmance of the opinion of the Bankruptcy Judge."

Rule 8006 of the Bankruptcy Rule provides that within 14 days after filing the notice of appeal the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. From the record, it appears that Appellant filed her notice of appeal on March 25, 2015 (Docket Entry No. 1-3 at 4). Her motion to proceed *in forma pauperis* was granted on March 31, 2015 (Docket Entry No. 4). From the record it appears that Appellant still has not filed a designation of items to be included

in the record from the Bankruptcy Court on the appeal or a statement of the issues to be presented. Rule 8006 also requires that the party filing a designation of the items to be included in the record shall provide to the Clerk of this Court a copy of the items designated. This obligation likewise has not been satisfied by Appellant.

Rule 8009 requires that the appellant in a bankruptcy appeal to the district court serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007. Although Appellant filed a memorandum in support of her motion for summary judgment on April 29, 2015 (Docket Entry No. 9), this memorandum fails to satisfy the requirements of a brief supporting a bankruptcy appeal in accordance with Rule 8009 of the Bankruptcy Rules.

For the foregoing reasons, the undersigned Magistrate Judge finds that Appellant has failed to comply with the requirements of the Local Rule 81.01 governing bankruptcy appeals and, pursuant to that rule, the ruling of the Bankruptcy Judge should be summarily affirmed.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Appellant's motion for summary judgment

(Docket Entry No. 8) be denied, the ruling of the Bankruptcy Judge be summarily affirmed, and this case be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 30th day of March, 2016.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge