# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| LATOYA MICHELLE JAWARA, | ) | |
|---|---|---|
| Appellant, | ) | |
| | ) | |
| | ) | Civil No: 3:15-cv-00305 |
| v. | ) | Judge Sharp |
| | ) | |
| SUNTRUST BANK, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

Appellant Latoya Michelle Jawara is proceeding *pro* se in this bankruptcy appeal. The Bankruptcy Court had ruled in 2009 that Jawara's debt to Appellee Suntrust Bank was not dischargeable. Jawara moved to set aside that ruling in February 2015, but the Bankruptcy Court denied her motion. (Docket No. 1, pp. 2–3, 8.) Jawara appealed the Bankruptcy Court's judgment and consented to have her appeal heard by a district court. (Docket No. 1, pp. 1, 5.)

Pending now before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge (Docket No. 22) as to Jawara's Motion for Summary Judgment (Docket No. 8). The Magistrate Judge recommended that Jawara's Motion be denied, that the opinion of the Bankruptcy Judge be affirmed, and that this case be dismissed. (Docket No. 22, p. 1.) Jawara filed timely objections to the R & R. (Docket Nos. 22, 24.)

When a party files timely objections to a report and recommendation on a dispositive motion, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Having conducted a *de novo* review in accordance with Rule 72, the Court will accept the disposition set forth in the R & R.

1

The R & R explained that Jawara never filed a statement of undisputed facts with her Motion as required in the Local Rules. M.D. Tenn. R. 56.01(b). The R & R also pointed out that Jawara failed to comply with Rule 8006 of the Federal Rules of Bankruptcy Procedure, which provides that within 14 days of filing a notice of appeal, an appellant must file a designation of the items to be included in the record on appeal and a statement of the issues to be presented. FED. R. BANKR. P. 8006. Local Rule 81.01(a) states that failure to comply with Rule 8006 "will result in summary affirmance of the opinion of the Bankruptcy Judge." M.D. Tenn. R. 81.01(b).

Jawara concedes that she failed to comply with the Local Rules and the Federal Rules of Bankruptcy Procedure. But she argues that she did not "fully or properly comprehend the legalese" of those Rules, maintaining that the Rules are "more suited for the legal community of lawyers and professionals" than for a layperson. (Docket No. 24, p. 1.) As a result, she says, "it would be a great disgrace" to deny her relief "just because local rules were not properly followed." (Docket No. 24, p. 2.)

The Court disagrees. Jawara is proceeding *pro se*, so she is entitled to some indulgences. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). But "the lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Even a *pro se* plaintiff must comply with federal local rules of procedure. August v. Caruso, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015) ("[P]*ro se* parties must follow the same rules of procedure that govern other litigants."); Greer v. Home Realty Co. of Memphis Inc., 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for pro se litigants, even pro se litigants are obligated to follow these rules"); Looper v. Educ. Credit Mgmt. Corp., 2008 WL 2965887, at *8 (E.D. Tenn. July 30,

2008) (plaintiff's "pro se status does not exempt him from complying with the rules of procedure").

Jawara failed to meet the requirements set out in Local Rules and the Federal Rules of Bankruptcy Procedure. Pursuant to Local Rules 56.01(g) and 80.01(a), the Magistrate Judge was correct to deny Jawara's Motion. Accordingly, the Court rules as follows:

    (1) The R & R (Docket No. 22) is hereby ACCEPTED and APPROVED;

    (2) Jawara's Motion for Summary Judgment (Docket No. 8) is DENIED;

    (3) the ruling of the Bankruptcy Court is AFFIRMED; and

    (4) this case is DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter Final Judgment in a separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE